AO 91 (Rev. 11/11) Criminal Complaint                                AUSA Brian Havey (312) 469-6305

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                     No. 25 CR 284

SALVADOR GUERRERO LOPEZ,                               Magistrate Judge Keri L. Holleb Hotaling
also known as "Jovani Hernandez Pina"

**FILED** JI25CR284-1
5/29/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 26, 2025, at Lake County, in the Northern District of Illinois, Eastern Division, the defendant, SALVADOR GUERRERO LOPEZ, also known as "Jovani Hernandez Pina," violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Sections 1326(a) and (b)(2), and Title 6, United States Code, Section 202(4) | unlawful reentry of a removed alien, by being present and found in the United States after having been previously removed subsequent to a conviction for commission of an aggravated felony |

This criminal complaint is based upon these facts:

__X__ Continued on the attached sheet.

                                                                      */s/ H.W. Racke*
                                                                      HENRY W. RACKE
                                                                       Special Agent
                                                                       Homeland Security Investigations

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

                                                                       */s/ K.*
Date: May 29, 2025                                                               *Judge's signature*

City and state: Chicago, Illinois                           KERI L. HOLLEB HOTALING
                                                                  United States Magistrate Judge
                                                                               *Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**AFFIDAVIT**

I, HENRY W. RACKE, being duly sworn, state as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI), assigned to the Chicago Field Office. I have been so employed since approximately February 2023.

2. As part of my duties as an HSI Special Agent, I investigate criminal violations relating to illegal reentry of removed aliens, false statements, and unlawful acts related to United States immigration law. Along with this, I work in conjunction with other law enforcement agencies reviewing cases involving aliens who are charged with or convicted of criminal offenses. I have received training concerning immigration laws, policies, and procedures, including those related to the reentry of previously deported aliens. I also have participated in the execution of multiple federal search and arrest warrants.

3. This affidavit is submitted in support of a criminal complaint alleging that SALVADOR GUERRERO LOPEZ (GUERRERO), also known as "Jovani Hernandez Pina," has violated Title 8, United States Code, Section 1326(a), the criminal offense of unlawful reentry after removal, by being present and found in the United States after having previously been deported and removed from the United States. GUERRERO is subject to the enhanced penalty provision set forth in Title 8,

United States Code, Section 1326(b)(2), because he was previously removed following a conviction for an aggravated felony, as described in more detail below.

4. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts as are necessary to establish probable cause to believe that GUERRERO committed the offense alleged in the complaint.

5. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, and on my review of records maintained by HSI, Immigration and Customs Enforcement (ICE), other components of the U.S. Department of Homeland Security (DHS), and other government agencies.

6. On or about May 21, 2025, the HSI field office in Eagle Pass, Texas (HSI-Eagle Pass), requested assistance from HSI-Chicago to locate, identify, and apprehend GUERRERO, who was under investigation for certain federal child exploitation and alien smuggling crimes. Information obtained during their investigation indicated that GUERRERO, using the alias "Jovani Hernandez Pina," had arranged for the smuggling and illegal entry of a minor female, a Mexican national, into the United States from Mexico. In its investigation, HSI-Eagle Pass further learned that GUERRERO had enticed the girl to send him sexually explicit images of herself via a mobile messaging application. Certain financial and cellular phone location data reviewed by HSI-Eagle Pass indicated that GUERRERO was

2

likely residing in the Northern District of Illinois, and more specifically, in the area of Island Lake, Illinois.

7. According to DHS immigration records, GUERRERO is a native and citizen of Mexico, and he does not have a lawful claim to United States citizenship or lawful residence in the United States. DHS records further reflect that GUERRERO was first encountered in the United States by Border Patrol agents on or about January 16, 2001, after having crossed the border near San Luis, Arizona, without having been inspected, admitted, or paroled by United States immigration authorities.

8. DHS records further reflect that GUERRERO subsequently was encountered by immigration authorities on or about March 17, 2004, at the Sacramento (California) County Jail, where he had been booked on charges of Unlawful Sexual Intercourse with a Minor, While 3 or More Years Older Than Minor, a felony violation of Section 261.5(c) of the California Penal Code. GUERRERO was convicted of that offense and received a suspended sentence of 150 days in the county jail. An immigration judge in Eloy, Arizona, ordered GUERRERO removed from the United States to Mexico. GUERRERO was then deported on June 28, 2004. He was prohibited from reentering the United States for a period of 10 years.

9. DHS records further reflect that on or about June 9, 2011, GUERRERO was encountered by immigration authorities at the Rio Consumnes Correctional Center in Elk Grove, California, where he was in custody following an arrest and conviction for Unlawful Sexual Intercourse with a Minor, Special Circumstances—a

misdemeanor violation of Section 261.5(c) of the California Penal Code. Immigration authorities reinstated GUERRERO's previous final order of removal, and he was deported from the United States to Mexico through San Ysidro, California, on June 15, 2011. This time, GUERRERO was prohibited from reentering the United States for a period of 20 years.

10. DHS records further reflect that, on or about July 15, 2019, GUERRERO was encountered by immigration authorities at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. GUERRERO was in custody after having been convicted in federal court, namely, the United States District Court for the Western District of Arkansas, for a federal drug offense, namely, possession with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of Title 21 United States Code, Sections 841(a)(1) and (b)(1)(A)(viii)—which is an aggravated felony as defined by federal immigration law, Title 8, United States Code, Section 1101(43)(B)—for which GUERRERO was sentenced to a 135-month term of imprisonment. Immigration authorities reinstated GUERRERO's prior final order of removal, and he was deported to Mexico via an ICE Air Operations flight from Alexandria, Louisiana, on or about January 5, 2021.

11. DHS records further reflect that GUERRERO has not applied for, or received permission from, the Secretary of the U.S. Department of Homeland Security to reenter the United States.

12. On May 26, 2025, I went to GUERRERO's suspected residence in Island Lake, Illinois, along with other HSI special agents, for purposes of executing a signed

I-205 administrative arrest warrant for GUERRERO's violations of immigration law. While waiting in the parking lot of that apartment complex, HSI agents observed a Hispanic male resembling GUERRERO exit the building and walk into the parking lot. (Agents concluded that this person resembled GUERRERO based on booking photos contained in GUERRERO's immigration file). HSI agents identified themselves as immigration officers and conducted an investigatory stop of the male. In response to questions about his identity and alienage, the male indicated that his name was "Jovani" and that he was a Mexican national. He admitted that he was in the United States without lawful immigration status. HSI agents used a mobile facial recognition application to capture a photo of the male's face, which was run against a database of DHS booking photos. The search returned a positive match for GUERRERO.

13. Based on this information, HSI agents administratively arrested GUERRERO for violating the Immigration and Nationality Act, in particular, Title 8, United States Code, Section 1182(a)(9)(A)(ii). GUERRERO was then transported to the Broadview Service and Staging Area, 1930 Beach Street, Broadview, Illinois, for processing. During the booking process, HSI agents electronically captured GUERRERO's fingerprints, which were run against the DHS Automated Biometric Identification System (IDENT). The IDENT system returned a positive match for GUERRERO, confirming that he is the same person who was previously removed from the United States to Mexico on or about June 28, 2004 (*see* para. 8 above), June 15, 2011 (*see* para. 9 above), and January 5, 2021 (*see* para. 10 above). After

processing, GUERRERO was turned over to the custody of ICE, Enforcement and Removal Operations, and transported to the Clinton County Jail in Frankfort, Indiana, pending his removal from the United States.

14. On May 27, 2025, HSI-Eagle Pass agents interviewed GUERRERO in-person at the Clinton County Jail. The following is a summary of GUERRERO's pertinent statements, based on information provided to me by one of the interviewing agents: Prior to questioning, HSI agents advised GUERRERO of his *Miranda* rights. GUERRERO gave a verbal and written waiver-of-rights and agreed to answer questions without an attorney. During the interview, GUERRERO admitted that he did not have any visa or lawful immigration status authorizing him to reside or remain in the United States. GUERRERO further admitted to entering the United States illegally on several occasions. GUERRERO specifically recalled illegally entering the United States in about 2004, 2011, and 2024. GUERRERO further admitted to having been deported from the United States on more than one occasion. He acknowledged using false names and dates of birth when encountered by Border Patrol agents and that he had purchased fraudulent documents to hide his true identity and criminal history.

15. GUERRERO's admissions about his prior encounters with immigration authorities and his violation of immigration law are consistent with DHS records.

16. Based on the facts summarized above, I respectfully submit that there is probable cause to believe that on or about May 26, 2025, at Lake County, Illinois, in the Northen District of Illinois, Eastern Division, SALVADOR GUERRERO

LOPEZ, also known as "Jovani Hernandez Pina," being an alien who was last removed from the United States on or about January 5, 2021, was found in the United States without previously having obtained the express consent of the Secretary of the U.S. Department of Homeland Security, for reapplication for admission into the United States, in violation of Title 8, United States Code, Section 1326(a), and Title 6, United States Code, Section 202(4). Furthermore, GUERRERO is subject to the enhanced penalty provision in Title 8, United States Code, Section 1326(b)(2), because he was previously removed following a conviction for an aggravated felony, as described in paragraph 10 above.

FURTHER AFFIANT SAYETH NOT.

_____
HENRY W. RACKE
Special Agent
Homeland Security Investigations

SWORN TO AND AFFIRMED by telephone May 29, 2025.

_____
KERI L. HOLLEB HOTALING
United States Magistrate Judge